JOHN ALLCOCK (Cal. Bar No. 098895)
ARTHUR A. WELLMAN (Cal. Bar No. 178309)
MICHAEL HAN (Cal. Bar No. 229714)
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Plaintiffs
THOMSON INSTRUMENT CO.; and
SCIENTIFIC PLASTIC PRODUCTS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMSON INSTRUMENT CO., a Nevada corporation; and SCIENTIFIC PLASTIC PRODUCTS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BIOTAGE AB, a Swedish corporation,<br><br>Defendant. | Case No. 06 CV 2305 LAB (BLM)<br><br>**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>No Hearing Requested<br><br>Hon. Larry A. Burns |

Plaintiffs Thomson Instrument Co. ("Thomson") and Scientific Plastic Products, Inc. ("SPP") respectfully oppose, in part, the ex parte Application for an Extension of Time to Respond to the Complaint. Specifically, Plaintiffs oppose an extension of more than ten days at this time. Plaintiffs' opposition is made on the ground that several months have passed since legal proceedings were commenced without any specific demand from Biotage AB ("Biotage").

Plaintiffs' opposition is supported by the Memorandum of Points and Authorities appended hereto, the Declaration of Arthur Wellman filed herewith, the court file in this Action, and any other oral or documentary evidence the court may consider should this Court set the matter for hearing.

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

This action involves allegations made by Biotage that Thomson infringes patents held by Biotage, including U.S. Patent No. 6,294,087 (the "'087 patent"). (Compl. for Declaratory J. ("Compl."), Dkt. No. 1, at 2.) Biotage first initiated legal action against Thomson more than 5 months ago, by filing a complaint for infringement of the '087 patent in the U.S. District Court for the Eastern District of Virginia on August 16, 2006. (Compl. Ex. B at 1.)

The parties, through counsel, made early contact and attempted to discuss resolution. (Decl. Wellman, ¶ 3.) In the process of those communications, Biotage presented several requests for information to Thomson, and explained, in part, their position on the '087 patent. (*See* Decl. Wellman, Ex. 1 at 6-9.) On October 11, 2006, Biotage indicated that it was considering suing Thomson for infringement of other patents as well. (Decl. Wellman, Ex. 1 at 9.)

But no demand or proposal for resolution was made by Biotage, so on October 16, 2006, Thomson filed this Action for Declaratory Judgment. (Compl. at 1.) That same day, Plaintiffs sent a courtesy copy of the Complaint in this Action to Biotage, and proposed the parties begin to negotiate a resolution. (Decl. Wellman Ex. 2 at 10.) Plaintiffs also stated that, if counsel for Biotage would accept service on behalf of its client, Plaintiffs would extend the period for response "by agreeing on a date upon which [they] would accept service." (*Id.*)

On October 23, 2006, Biotage proposed that it would agree to accept service at some point in early 2007. (Decl. Wellman, ¶ 4 and Ex. 3 at 11.) Plaintiffs proposed that Biotage instead accept service in December of 2006, and arrange to speak on the telephone as soon as possible, to provide time to negotiate a resolution. (Decl. Wellman, Ex. 3 at 11.)

Also on October 23, 2006, Plaintiffs sent a detailed letter to Biotage, in which it responded to Biotage's inquiries and detailed its position. (Decl. Wellman, Ex. 4 at 13-18.) At that time, it explained the "relationship" between Thomson and SPP and stated that, if Biotage had remaining questions on the relationship, it should present them. (Decl. Wellman, Ex. 4 at 13.) Since that time, Biotage has never inquired as to the relationship between Thomson and SPP; despite the fact that the parties have been in communication, Biotage's ex parte application

is the first indication since having received Thomson's October response that Biotage has indicated that the "relationship" between Thomson and SPP was an issue at all, let alone one that impeded Biotage's ability to make a settlement demand. (Decl. Wellman, ¶ 5.)

On October 24, 2006, Biotage wrote to Thomson and proposed that it agree to service of the Complaint "on **January 8, 2007**." (Decl. Wellman, Ex. 5 at 19 [emphasis orig.].) Biotage stated that "date would extend the deadline for Biotage to answer or otherwise respond," suggesting that it would give the parties "sufficient time" to meet and discuss settlement. (*Id.*) Plaintiffs agreed to that extension, but reiterated that they would "like to at least open discussions" by November or December. (Decl. Wellman, Ex. 6 at 21.)

Although the parties have had discussions, and Thomson has repeatedly requested that Biotage present a demand, Biotage had not presented any proposal for resolution prior to the date it first requested an additional extension to respond. (Decl. Wellman, ¶ 6.) On January 23, 2007, Biotage contacted Thomson and asked for an additional extension of time to respond. (Decl. Wellman, ¶ 6.) Having not received any demand or proposal by that time, Plaintiffs first offered a ten day extension in exchange for receiving a proposal or demand, to be followed by additional extensions if settlement talks were progressing. (Decl. Wellman, ¶ 6.)

Later that day, Biotage made its first proposal to resolve the case, suggesting that Thomson take a license to the '087 patent in exchange for Thomson granting Biotage a covenant not to sue it on all of Thomson's patents relating to column chromatography and completely unspecified monetary payments from Thomson to be discussed at some future date. (Decl. Wellman, ¶ 7.) To date, there has been no suggestion as to what those financial terms might be, nor has any proposal been made as to the other patents Biotage owns, even those that are at issue in this Action. (Decl. Wellman, ¶ 7.)

Rather than debate whether such a proposal constitutes a "demand," Plaintiffs removed all conditions from their offer of a ten day extension, and communicated that offer to Biotage. (Decl. Wellman, ¶ 8.) As before, Plaintiffs reiterated that the ten day extension would be followed by additional brief extensions if settlement talks appeared to be progressing. (Decl. Wellman, ¶ 8.)

///

     Biotage repeatedly refused Plaintiffs' offers of a short extension, to be followed by others if substantive settlements discussions were progressing, and has chosen instead to make application for a thirty-day extension. Despite having filed a complaint more than 5 months ago in a jurisdiction that is famous for bringing patent cases to trial within a single year, Biotage has yet to even make a complete settlement demand. Biotage was provided with the Complaint in this Action more than three months ago with an extended response date that Biotage itself selected. And despite repeated requests for meetings to discuss settlement, Biotage did not provide even a partial proposal until after it made its request for extension.

     Under these circumstances, Plaintiffs respectfully submit that Biotage should not be granted a single, lengthy extension to respond in the hopes that truly substantive settlement discussions can be initiated and completed. Rather, Plaintiffs respectfully submit that Biotage should be granted an initial extension of ten days in the hope that it will initiate substantive settlement discussions by making a complete demand. If settlement talks are indeed progressing, this Court can have confidence that this Court will be kept apprised of those developments by additional, unopposed, extensions of time.

Dated:  January 29, 2007

                                           DLA PIPER US LLP

                                By        /S/Arthur A. Wellman, Jr.
                                    ARTHUR A. WELLMAN, JR.
                                    Attorneys for Plaintiffs
                                    THOMSON INSTRUMENT CO.; and
                                    SCIENTIFIC PLASTIC PRODUCTS, INC.

1  JOHN ALLCOCK (Cal. Bar No. 098895)
   ARTHUR A. WELLMAN (Cal. Bar No. 178309)
2  MICHAEL HAN (Cal. Bar No. 229714)
   DLA PIPER US LLP
3  401 B Street, Suite 1700
   San Diego, CA 92101-4297
4  Tel: 619.699.2700
   Fax: 619.699.2701
5
   Attorneys for Plaintiffs
6  THOMSON INSTRUMENT CO.; and
   SCIENTIFIC PLASTIC PRODUCTS, INC.
7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

| THOMSON INSTRUMENT CO., a Nevada corporation; and SCIENTIFIC PLASTIC PRODUCTS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BIOTAGE AB, a Swedish corporation,<br><br>Defendant. | Case No. 06 CV 02305 LAB (BLM)<br><br>**PROOF OF SERVICE** |
|---|---|

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297. On January 29, 2007, I served the within documents:

1. PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

2. DECLARATION OF ARTHUR WELLMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT; TABLE OF EXHIBITS

On the parties below as follows:

| Attorneys for Biotage AB<br><br>Terry L. Clark, Esq.<br>Harness, Dickey & Pierce, P.L.C.<br>11730 Plaza America Drive, Suite 600<br>Reston, VA 20190<br>(P) 703-668-8000<br>(F) 703-668-8200 | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☒ Via Overnight Delivery<br>☐ Via Facsimile<br>☒ Via USDC CM/ECF system<br>☐ Via Email (PDF file) |
|---|---|
| Matthew L. Cutler, Esq.<br>Harness, Dickey & Pierce P.L.C.<br>7700 Bonhomme, Suite 400<br>Clayton, Missouri 63105<br>(P) 314-726-7500<br>(F) 314-726-7501 | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☒ Via Overnight Delivery<br>☐ Via Facsimile<br>☒ Via USDC CM/ECF system<br>☐ Via Email (PDF file) |
| Debra D. Nye, Esq.<br>11250 El Camino Real, Suite 200<br>San Diego, CA  92130<br>(P) 858-847-6730<br>(F) 858-792-6773 | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☒ Via Overnight Delivery<br>☐ Via Facsimile<br>☒ Via USDC CM/ECF system<br>☐ Via Email (PDF file) |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

Executed on January 29, 2007, at San Diego, California.

_____
Lorri J. Kanski-Namin