# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMSON INSTRUMENT CO., a Nevada corporation; and SCIENTIFIC PLASTIC PRODUCTS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BIOTAGE AB, a Swedish corporation,<br><br>Defendant. | CASE NO. 06cv02305 BTM(BLM)<br><br>**ORDER DENYING MOTION TO DISMISS** |

Defendant Biotage AB ("Biotage") has filed a motion to dismiss the third, fourth, fifth, sixth, seventh, and eighth claims of the Complaint. For the reasons discussed below, Biotage's motion is **DENIED**.

## I. BACKGROUND

Biotage, a Swedish corporation, is the holder of all rights, title and interest in U.S. Patent No. 6,294,087, entitled "Chromatography Column." (Clark Decl., ¶ 3, Exh. A.) Pursuant to its rights under the patent, Biotage manufactures chromatography columns that are used in liquid chromatography applications.

In August 2006, Biotage filed suit against Plaintiff Thomson Instrument Co. ("Thomson") in the Eastern District of Virginia, alleging that SINGLE StEP columns sold by

Thomson infringe Biotage's '087 patent.

On September 13, 2006, Mr. Wellman, counsel for Thomson, and Mr. Clark, counsel for Biotage, had a telephone conversation regarding the litigation and related issues. During this conversation, Mr. Clark stated that Biotage was considering adding additional patents to the Virginia action. (Wellman Decl., ¶ 6.) When Mr. Wellman asked Mr. Clark to identify the patents, Mr. Clark said he would do so at a future time. (Id.)

Subsequent to this conversation, Mr. Wellman made additional requests to Mr. Clark to identify any other patents that Biotage intended to assert against Thomson. (Wellman Decl., ¶ 7; Exh. D to Clark Decl.) In a letter dated October 11, 2006, Mr. Clark stated:

> Finally, Biotage owns additional patents including U.S. Patent Nos. 6,436,284 and 6,802,968 which are directed to chromotography columns having a recessed inflow region for receiving a solid-supported sample. Our initial analysis indicates that the SingleStep® columns are also covered by the claims of these patents. Accordingly, we may be amending our complaint to include additional counts for infringement of one or more claims of U.S. Patent Nos. 6,436,284 and 6,802,968. As [of] this time, Biotage has not made a final decision of whether to add these patents to the present litigation or not.

(Exh. E to Clark Decl.)

On October 16, 2006, Thomson and Plaintiff Scientific Plastic Products, Inc. ("SPP"), the manufacturer of the SINGLE StEP column, commenced this action. The Complaint asserts the following claims against Biotage: (1) declaration of non-infringement of the '087 patent; (2) declaration of invalidity of the '087 patent; (3) declaration of non-infringement of '284 patent; (4) declaration of invalidity of '284 patent; (5) declaration of non-infringement of the '968 patent; (6) declaration of invalidity of the '968 patent; (7) declaration of the unenforceability of the '284 patent; (8) declaration of the unenforceability of the '968 patent.

Subsequently, Biotage voluntarily dismissed the Virginia action. Biotage has asserted counterclaims in this action for infringement of the '087 patent.

Biotage has never indicated that it has reconsidered its position with respect to the '284 and '968 patents and has not disclaimed any intention to bring suit on these patents. (Wellman Decl. ¶ 8.) Biotage has declined to execute a covenant not to sue on these patents. (Id.)

## II. DISCUSSION

Biotage moves for a dismissal of Claims 3-8 on the ground that they are not supported by an "actual controversy," as required by Article III of the United States Constitution. However, as discussed below, the Court finds that Thomson and SPP (collectively "Plaintiffs") have demonstrated the existence of a justiciable controversy.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

Supreme Court decisions "have required that the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' MedImmune, Inc. v. Genentech, Inc., __ U.S. __, 127 S.Ct. 764, 771 (2007) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).

Prior to MedImmune, the Federal Circuit developed a two-part test to determine if an actual controversy exists in the context of a declaratory judgment action for non-infringement or invalidity. The test required both (1) conduct by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit; and (2) present conduct by the plaintiff which could constitute infringement or concrete steps taken with the intent to conduct such activity. See Teva Pharmaceuticals USA, Inc., v. Pfizer, Inc., 395 F.3d 1324 (2005).

However, in a footnote in MedImmune, the Supreme Court expressed that the reasonable-apprehension-of-suit test conflicts with Supreme Court precedent. MedImmune,

127 S.Ct. at 774 n. 11.  The Federal Circuit has since recognized that the Supreme Court has rejected the reasonable-apprehension-of-suit test and now looks to "all of the circumstances" to determine whether there is a justiciable Article III controversy.  Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp., 482 F.3d 1330, 1339 (Fed. Cir. 2007).  In San Disk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372 (Fed. Cir. 2007), the Federal Circuit explained:

> We need not define the outer boundaries of declaratory judgment jurisdiction, which will depend on the application of the principles of declaratory judgment jurisdiction to the facts and circumstances of each case.  We hold only that where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights.

Upon reviewing the circumstances of this case, the Court concludes that there is a "substantial controversy" of "sufficient immediacy and reality" to satisfy the case-or-controversy requirement.  Biotage had already filed suit against Thomson (with no prior warning, according to Plaintiffs), alleging infringement of its '087 patent.  During discussions regarding the litigation, Mr. Clark indicated that Biotage was considering adding additional patents to the Virginia action.  After Mr. Wellman pressed Mr. Clark to identify any other patents Biotage *intends to assert* against Thomson, Mr. Clark stated that Biotage's "initial analysis" indicated that Plaintiffs' product is "*also covered* by the claims of [the '284 and '968 patents]."  (Emphasis added.)  The '284 and '968 patents, like the '087 patent, are for a chromotography column.

Although Mr. Clark did not use the word "infringe" in connection with the '284 and '968 patents and explained that Biotage had not made "a final decision of whether to add these patents to the *present* litigation or not," (emphasis added), it is clear that Biotage was asserting rights under the '284 and '968 patents vis-a-vis Plaintiffs' SINGLE StEP column.  Plaintiffs were not required to wait for Biotage's "initial" conclusion to become "final" or for

Biotage to actually file suit.[1]

Plaintiffs have established the existence of a justiciable controversy regarding the infringement/non-infringement and validity of the '284 and '968 patents. Therefore, the Court has subject matter jurisdiction over the declaratory judgment claims.

### III. CONCLUSION

For the reasons discussed above, Biotage's motion to dismiss the third, fourth, fifth, sixth, seventh, and eighth claims of the Complaint is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 3, 2007

*Barry Ted Moskowitz*
Hon. Barry Ted Moskowitz
United States District Judge

---

[1] Biotage's reliance on <u>Shell Oil Co. v. Amoco Corp.</u>, 970 F.2d 885 (Fed Cir. 1992) is misplaced. The focus of that court's inquiry was whether Amoco's statement that Shell's activities "fall within" Amoco's claims created a reasonable apprehension of suit. As already discussed, this test has been rejected by the Supreme Court. Moreover, in <u>Shell</u>, the statement was made in the context of licensing negotiations; there was no underlying patent litigation.